IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAMON SAPP,

    Petitioner,

v.

**J. SOTO**, Warden,

    Respondent.

No. C 13-03008 YGR (PR)

**AMENDED ORDER GRANTING PETITIONER *IN FORMA PAUPERIS* STATUS; ADDRESSING HIS PENDING MOTION; AND DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED**

    Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks leave to proceed *in forma pauperis* (Docket Nos. 2, 5).

    Petitioner has also submitted filings entitled, "Plea for Relief By Actual Innocence" (Docket No. 4) and "Amendment to Plea for Relief by Factual/Actual Innocence, and Evidence in Truth of Fact," in which he seems to supplement his petition with a claim for actual innocence. Therefore, the Court construes these filings as a supplement to the petition. Because the "Plea for Relief By Actual Innocence" is not properly a motion, it is DENIED. Plaintiff has since amended that filing; therefore, the "Amendment to Plea for Relief by Factual/Actual Innocence, and Evidence in Truth of Fact" will be the operative supplement to the petition in this action, and the Clerk of the Court will re-label it as such, as directed below.

    It does not appear from the face of the petition and supplement to the petition that they are without merit. Good cause appearing, the Court hereby issues the following orders:

    1.    Petitioner's application to proceed *in forma pauperis* is GRANTED.

    2.    Petitioner's "Plea for Relief By Actual Innocence" (Docket No. 4) has been construed a supplement to the petition. Because the filing is not properly a motion, it is DENIED. Petitioner has also filed an "Amendment to Plea for Relief by Factual/Actual Innocence, and Evidence in Truth of Fact," (Docket No. 6), which amends his supplement to the petition. The Clerk is directed to change the title of his "Amendment to Plea for Relief by Factual/Actual Innocence, and Evidence in

1 Truth of Fact," to his "Supplement to the Petition" and to label it as such on the Court's electronic
2 database.

3     3. The Clerk shall serve a copy of this Order, the petition, the supplement to the
4 petition, and all attachments thereto (Docket Nos. 1, 6) upon Respondent and Respondent's attorney,
5 the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on
6 Petitioner at his current address.

7     4. Respondent shall file with this Court and serve upon Petitioner, within **sixty (60)**
8 **days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules
9 Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.
10 Respondent shall file with the Answer a copy of all portions of the relevant state records that have
11 been transcribed previously and that are relevant to a determination of the issues presented by the
12 petition.

13     5. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with
14 the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should
15 Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days**
16 after the date Petitioner is served with Respondent's Answer.

17     6. Respondent may file with this Court and serve upon Petitioner, within **sixty (60) days**
18 of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set
19 forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If
20 Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an
21 opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the
22 motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen**
23 **(14) days** of receipt of any opposition.

24     7. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court
25 and Respondent informed of any change of address and must comply with the Court's orders in a
26 timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose
27 address changes while an action is pending must promptly file a notice of change of address
28 specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint

when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

9. **J. Soto**, the current warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

10. This Order terminates Docket Nos. 2, 4 and 5.

IT IS SO ORDERED.

DATED: October 30, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**